IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JENNIFER BRIGHT and BRIGHT }
SURGICAL SOLUTIONS, L.L.C., }
                            }
    Plaintiffs,              }    Case No.: 14-CV-00095-WMA
                            }
v.                          }
                            }
ZIMMER SPINE, INC.,         }
                            }
    Defendant.              }

**<u>MEMORANDUM OPINION</u>**

Plaintiffs Jennifer Bright ("Bright") and Bright Surgical Solutions, L.L.C., ("Bright Surgical") a company of which Bright is the owner and sole member, bring this action seeking a declaratory judgment that the non-competition clause in their contract with defendant Zimmer Spine, Inc., ("Zimmer") is unenforceable. Before the court is Zimmer's motion to transfer the case to Minnesota. For the reasons that follow, defendant's motion will be granted.

Plaintiffs reside in Alabama and nowhere else. They entered into a contract with Zimmer by which they were to perform certain work in Alabama. When they concluded they were being damaged by a non-competition clause in the contract, they brought suit in the Circuit Court of Jefferson County, Alabama seeking a declaration that the non-competition clause is void. Zimmer, a Minnesota corporation, removed the case to this court based on 28 U.S.C. § 1332 and the complete diversity of citizenship of the parties.

Zimmer now seeks a transfer of the case to a Minnesota court based on the forum-selection clause in the contract.

Zimmer's motion is remarkably similar to another motion this court heard nearly 30 years ago. The court then concluded that Alabama law disfavors forum-selection clauses,[1] and therefore that the abundantly Alabamian action should remain in Alabama. This logic was found wanting both by the Eleventh Circuit, *Stewart Org., Inc. v. Ricoh Corp.*, 810 F.2d 1066 (11th Cir. 1987) (en banc), and by the Supreme Court, 487 U.S. 22 (1988). The Supreme Court held that the federal transfer statute, 28 U.S.C. § 1404, squarely covered the issue, *Stewart Org.*, 487 U.S. at 29-31, and therefore, as a constitutional exercise of Congress's lawmaking authority, *id.* 32, preempted the state law and provided the exclusive standard for ruling on the transfer motion, *id.* The § 1404 standard, said the Supreme Court, required the district court to evaluate the transfer motion using a "flexible and individualized analysis," *id.* at 29, weighing private and public interest factors including but not limited to the presence of a forum selection clause, *id.* at 29-31.

On remand, this court undertook to follow this command faithfully. After thorough fact-finding and extensive discussion of the significance of the facts, including the forum-selection

---

[1] Alabama has since softened its attitude toward forum-selection clauses in general, but as will be shown in the pages that follow, the court need not reach the intricacies of state law in this case.

clause, the court concluded that "both the private and public interests militate against a transfer," whereupon the court denied the transfer motion a second time. *Stewart Org., Inc. v. Ricoh Corp.*, 696 F. Supp. 583, 591 (N.D. Ala. 1988). The Eleventh Circuit again disagreed. The Circuit, relying heavily on a concurring opinion in the Supreme Court opinion, determined that, absent mysteriously un-described "exceptional" circumstances, forum-selection clauses always control the venue. *See In re Ricoh Corp.*, 870 F.2d 570, 574 (11th Cir. 1989) (citing *Stewart*, 487 U.S. at 33 (Kennedy, J., concurring)). The Circuit thus concluded that this court had abused its discretion when it denied the motion to transfer, and granted a writ of mandamus requiring this court to grant the motion to transfer. *See id.* From this saga, this judge reluctantly concluded that "[t]he Eleventh Circuit [has] simply nailed the lid too tight" to ever deny a transfer motion based on a forum-selection clause. *Stewart v. Dean-Michaels Corp.*, 716 F. Supp. 1400, 1404 (N.D. Ala. 1989) (hereinafter "*Dean-Michaels Corp.*", to avoid confusion with the other *Stewart* cases).

These precedents, if taken alone, would convince the court that it has no choice but to grant the instant transfer motion. However, defendant here relies on a new and different authority: the Supreme Court's recent decision in *Atlantic Marine Construction Co., Inc. v. U.S. District Court for Western District of Texas*, 134 S. Ct. 568 (2013). In *Atlantic Marine*, the Court again enforced a

3

forum-selection clause through a § 1404 transfer, and again held that "[o]nly under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion [based on a forum-selection clause] be denied." *Id.* at 581. Defendant undoubtedly feels that *Atlantic Marine*'s recentness, unanimity, and enthusiasm in endorsing contracted for expectations combine to remove any question that might linger about the irresistible power of a forum-selection clause. Instead, *Atlantic Marine* only renews this court's discomfort with the *Stewart* cases. In *Atlantic Marine*, "there was no dispute that the forum-selection clause was valid," *id.* at 576, and the Court was meticulous in specifying that its holding was that a district court should transfer a case "**[w]hen the parties have agreed to a valid forum-selection clause,**" *id.* at 581 (emphasis added). *See also id.* at 581 n.5 ("Our analysis presupposes a contractually valid forum-selection clause."); *id.* at 573-83 (qualifying "forum-selection clause" with the word "valid" eleven times). If a court must determine that a forum-selection clause is valid **before** the clause is enforced with a § 1404 transfer order, it follows that the court must look to state contract law to determine the validity of the clause **before** it applies § 1404. In such a case, the state issue is first and separate from the federal issue, and federal law could not be said to preempt applicable state law. *See Hanna v. Plumer*, 380 U.S. 460, 470-71 (1965) (explaining that *Erie* applies when an issue is

not covered by a federal statute or a Federal Rule of Civil Procedure). Under such circumstances there should be no question that courts must apply state law pursuant to the "twin aims of *Erie*" test, under which a court cannot apply a federal rule if doing so would encourage forum shopping or produce inequitable administration of the law. *See Stewart*, 487 U.S. at 33-41 (Scalia, J., dissenting) (analyzing a forum-selection clause under the twin-aims test and concluding that "[t]he Eleventh Circuit's rule clearly encourages forum shopping . . . [because s]uit might well not be pursued, or might not be as successful, in a significantly less convenient forum," and that the rule "allow[s] an unfair discrimination between noncitizens and citizens of the forum state").[2]

Having voiced these concerns arising from *Atlantic Marine*, this court will not pursue the subject so far as to hold that *Atlantic Marine* has implicitly overruled or narrowed the import of *Stewart*, especially when *Atlantic Marine* cites *Stewart* extensively and with approval. The Eleventh Circuit's *Stewart* opinions remain on the books, and this court understands well its role in the

---

[2] The majority in *Stewart* found that the federal law covered the issue completely, and so never reached the issue of the "twin aims of *Erie*." Thus, the way that Justice Scalia applied the twin aims test, if not the fact that he did, is pure dicta, and there is no negative inference to be drawn from the fact that the discussion was part of a dissenting opinion. As dicta it is persuasive, and, frankly, state law virtually never loses out once the "twin aims" test is applied.

5

judicial hierarchy. Or, as this court more bluntly observed in describing its *Stewart* experience, "[a] '2x4' between the eyes is an attention-getter." *Dean-Michaels Corp.*, 716 F. Supp. at 1403. Because "this court does not believe that the Eleventh Circuit left open any room for arguing the nice distinctions" between *Stewart* and other forum-selection clause cases, *id.*, the court cannot find that enforcing the clause in this case violates Alabama's public policy against forum-selection against its citizens, Pl.'s Opp'n at 15-16. Neither are plaintiffs saved by their four-page discussion of a decision of an Alabama trial court. *See id.* at 10-13 (discussing *Rep, Inc. v. Stmicroelectronics, Inc.*, 2009 WL 7215384 (Ala. Cir. Ct., Jan. 14, 2009)). State courts are not governed by § 1404, the federal transfer statute. *Rep, Inc.* was dealing with an entirely different legal question. *Rep, Inc.* contains some persuasive argument, but an Alabama trial court has the same authority to overrule the Eleventh Circuit that this court has. None.

   For the foregoing reasons, defendant's motion to transfer venue will be granted. The court will contemporaneously issue an order consistent with this opinion.

   DONE this 14th day of February, 2014.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE